UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIDNEY MCBRIDE, III                                               CIVIL ACTION

VERSUS                                                            NUMBER: 21-0052

SHERIFF CRAIG WEBRE, ET AL.                                       SECTION: "T"(5)

### REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(6) motion to dismiss of the Defendants herein, Sheriff Craig Webre, Major Davis, Lieutenant Neil Ledet, and Deputy John LaRue of the Lafourche Parish Correctional Complex ("LPCC"). (Rec. doc. 16). Plaintiff has filed no memorandum in opposition to Defendants' motion.[1] For the reasons that follow, it is recommended that Defendants' motion be granted and that Plaintiff's suit be dismissed.

Plaintiff, an inmate of LPCC, filed this lawsuit *in forma pauperis* pursuant to 42 U.S.C. §1983, complaining of an incident that was precipitated when he discovered that a piece of the bread that was served to him in the mess hall was missing, possibly having been "... ate off by a rat or something." (Rec. doc. 6-1, p. 4). Upon being summoned to the scene, Deputy LaRue allegedly began yelling for Plaintiff to "sit down" and advised him that he was "going to the shoe" for asking for "rank."[2] (*Id.*). While handcuffed and en route to the disciplinary housing location, Plaintiff alleges that Deputy LaRue "bumped" him so hard that it almost knocked him down. (*Id.*). Plaintiff reports that this incident was witnessed by Lt. Ledet

---

[1] As Plaintiff has filed no memoranda in response to Defendants' motion, timely or otherwise, the Court may properly assume that he has no opposition to it. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp.2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same). Of course, a motion like the Defendants', even if unopposed, may be granted as long as it has merit. *Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).

[2] SHU is the acronym for security housing unit.

who tried blaming Plaintiff for what had happened. (*Id.*). In his prayer for relief, Plaintiff seeks unspecified compensation for some unidentified injury to his left wrist as well as the termination of Deputy LaRue and Lt. Ledet from their jobs. (*Id.* at p. 5).

Defendants now move for the dismissal of Plaintiff's lawsuit pursuant to Rule 12(b)(6), arguing that Plaintiff failed to exhaust available prison administrative remedies before filing suit and that he has alleged nothing more than a *de minimis* physical injury which is not actionable under §1983. Finding Defendants' first argument meritorious, the Court pretermits consideration of their second argument and recommends that this matter be dismissed for the following reasons.

Under 42 U.S.C. §1997e(a), an inmate is required to exhaust available prison administrative remedies before bringing suit. That statute, which was enacted in 1996 as part of the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Clifford v. Gibbs*, 298 F.3d 328, 329 (5th Cir. 2002)(citing *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002)). Exhaustion must be proper and in full compliance with applicable prison procedural rules and deadlines; substantial compliance with administrative procedures is insufficient. *Guy v. LeBlanc*, No. 13-CV-2792 c/w 13-CV-5033, 2015 WL 65303 at *9 (E.D. La. Jan. 5, 2015)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Exhaustion of administrative remedies is essentially a condition

precedent to bringing suit. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Pre-filing exhaustion is mandatory, and the case <u>must</u> be dismissed if available administrative remedies were not exhausted." *Id.* (emphasis added). Although the exhaustion requirement is in the nature of an affirmative defense, "… a court can [even] dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)(footnote omitted); *see also Moore v. Thaler*, 436 Fed.Appx. 311, 312 (5th Cir. 2011).

Defendants having raised Plaintiff's failure to exhaust via their Rule 12(b)(6) motion, the Court refers back to Plaintiff's complaint to determine whether that defense is apparent from the face of Plaintiff's principal pleading. Just like the plaintiffs in *Sparks v. Champagne*, No. 20-CV-0903, 2020 WL 3950091 at *2 (E.D. La. Jun. 29, 2020), *adopted*, 2020 WL 3892876 (E.D. La. Jul. 10, 2020) (Africk, J.), *Naquin v. Larpenter*, No. 18-CV-14199, 2020 WL 3229358 (E.D. La. Jul. 17, 2019) (Lemelle, J.), *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013) (Berrigan, J.), *Authement v. Terrebonne Parish Sheriff's Office*, No. 09-CV-5837, 2009 WL 4782368 at *7 (E.D. La. Dec. 3, 2009) (Lemmon, J.), and *Lathers v. Nelson Coleman Correctional Center*, No. 07-CV-2891, 2007 WL 1702780 at *3 (E.D. La. Jun. 11, 2007) (Lemelle, J.), Plaintiff admits on the face of his complaint, in answer to Question No. II(A) of the pre-printed §1983 complaint form, that LPCC has a prisoner grievance procedure in place at that facility. (Rec. doc. 6-1, p. 2). He also admits to presenting the facts related to his complaint to the LPCC grievance procedure. (*Id.*). Having answered that query in the affirmative, Question II(C) directed Plaintiff to attach to his complaint a copy of all

3

administrative complaints he had lodged regarding the claims raised in this lawsuit as well as copies of all prison responses thereto, absent which he was instructed to provide the numbers assigned to those administrative complaints and the approximate dates that they were presented to prison officials.  (*Id.*).  In answer to that question, Plaintiff provided the date of "01/01/2021" (*id.*) and attached to his complaint a copy of a grievance dated December 29, 2020 that he had initiated within the LPCC Administrative Remedy Procedure ("ARP") complaining of the incident at issue in this lawsuit.  (Rec. doc. 6-1, p. 6).  That grievance was responded to by Lt. Ledet on January 1, 2021, a mere three days later, who indicated that he had reviewed video footage of the encounter between Plaintiff and Deputy LaRue which revealed that Plaintiff had physically contacted the Deputy prior to being transported to the SHU.  (*Id.*).  The remainder of the grievance form pertaining to steps two and three of the ARP process is blank.  (*Id.*).

Consistent with the foregoing, Plaintiff candidly acknowledges, in answer to Question No. II(C)(2) of the §1983 form, that he had not exhausted or completed all steps in the ARP procedure, including appeals.  (*Id.* at p. 3).  Plaintiff attempts to explain that candid admission by arguing that "[t]hey're refusing to answer the [g]rievance in a 'TIMELY' 'Manor,'" (*id.*), a contention belied by the three-day turnaround on Plaintiff's grievance at step one and his failure to provide copies of any appeals that he may have pursued beyond step one of the ARP process or the operative dates of same.  Given that Plaintiff makes clear on the face of his complaint that he has not exhausted the remedies that were available to him through the LPCC prisoner grievance procedure prior to filing suit, his complaint should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915.  *Underwood v. Wilson*, 151 F.3d 292, 296 (5th

Cir. 1998), *cert. denied*, 526 U.S. 1133, 119 S.Ct. 1809 (1999); *Sparks*, 2020 WL 3892876; *Lathers*, 2007 WL 17002780 at *3.  *See also Plaisance v. Cain*, 374 Fed.Appx. 560, 561 (5th Cir. 2010) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001)).[3]

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendants' motion be granted and that Plaintiff's suit be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[4]

New Orleans, Louisiana, this __20th__ day of _____May_____, 2021.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court parenthetically notes that despite naming them as Defendants in the caption of and again on page four of his complaint (rec. docs. 6, p. 1; 6-1, pp. 1, 4), Plaintiff's complaint is otherwise silent as to the involvement of Sheriff Webre or Major Davis in the matters of which he complains herein.  As Plaintiff has identified no policy or custom which caused his injury, *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009), or presented facts showing personal involvement on their parts (*id.* at *1), there is no basis to hold those two Defendants liable under §1983 in either their official or individual capacities.

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.